UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

**CHADWICK LAWSON and**
**LAWSON PREMIER SERVICES**
**L.L.C.,**
      **Plaintiff(s),**

vs.

**TRIAD, INC. a/k/a TRIAD**
**COMMERCIAL, INC.,**
      **Defendant.**
_____/

## COMPLAINT

**HERE NOW COMES**, Plaintiffs, Chadwick Lawson and Lawson Premier Services, LLC, by and through the undersigned counsel, and sues Defendant, Triad, Inc. d/b/a Triad Commercial, Inc., and in support thereof he alleges:

## INTRODUCTION

1.    This is an action for breach of contract and other causes of action pursuant to the laws of the State of Florida, arising from the breach of a joint venture agreement to operate a roofing company in the State of Florida.

## PARTIES, VENUE AND JURISDICTION

2.    Plaintiff, Chadwick Lawson ("Mr. Lawson"), is and was at all times relevant hereto, a resident of St. Lucie County, Florida and is otherwise *sui juris*. Mr. Lawson is, for the purposes of this Court's diversity jurisdiction, a citizen of the State of Florida.

3.    Plaintiff, Lawson Premier Services, LLC ("Lawson Premier"), is a Florida limited liability company, which is authorized to do business in the State of Florida. Mr. Lawson is

Case 2:20-cv-14320-XXXX   Document 1   Entered on FLSD Docket 09/11/2020   Page 2 of 13

Lawson v. Triad
Case No.:
Complaint
Page 2 of 13

Lawson Premier's sole manager and member. Lawson Premier maintains its only offices in St. Lucie County, Florida, which also serves as the worldwide headquarters of its operations. Lawson Premier is, for the purposes of this Court's diversity jurisdiction, a citizen of the State of Florida.

4. Defendant, Triad, Inc., is a corporation that is incorporated pursuant to the laws of the State of Missouri with its principle place of business in the State of Missouri. Triad, Inc., is for the purposes of this Court's diversity jurisdiction, a citizen of the State of Missouri. When Triad, Inc. registered with the Florida Secretary of State as a foreign profit corporation to do business in Florida, the name "Triad, Inc." had already been taken. As a result, Triad, Inc. elected to use the name "Triad Commercial, Inc." for purposes of conducting business in Florida.

5. The amount in controversy is exceeds the sum or value of $75,000, exclusive of interest, fees and costs.

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, as it involves citizens of different States, *i.e.,* Plaintiffs are citizens of Florida and Defendant a citizen of Missouri, and the amount in controversy exceeds the sum of $75,000, exclusive of interest, fees and costs.

7. Venue is proper pursuant to 28 U.S.C. § 1391 in the United States District Court for the Southern District of Florida as a substantial part of the events or omissions giving rise to the claims occurred and a substantial part of the property that is the subject of this action is situated in the Southern District of Florida.

8. Personal jurisdiction exists over Triad, Inc., in accordance with Florida Statutes §48.193 as, among other things, the claims in this case relates to or arises from Triad, Inc.'s engaging business in Florida, breaching a contract in Florida and committing a tort in Florida.

## GENERAL ALLEGATIONS

9. Lawson Premier is engaged in construction industry in the State of Florida, with the majority of its projects located in St. Lucie, Indian River and Martin Counties. Its work focuses on two areas. In addition to new construction and renovation of commercial and residential properties, Lawson Premier specializes in the roofing (and roof repair) of commercial and residential properties.

10. Mr. Lawson is the manager and owner of Lawson Premier. In connection with the two major areas of work performed by Lawson Premier, Mr. Lawson is a certified building contractor (Florida License #CBC1260813) and had a roofing contractor license (Florida License #CCC1331304). As the holder of licenses, Mr. Lawson was also the qualifying agent for Lawson Premier. This permitted Lawson Premier to conduct business, using Mr. Lawson's licenses.

11. Under Florida law, a "qualifying agent" is someone who takes responsibility for the management of construction operations for a construction company in Florida. It is the person who the State of Florida recognizes as the one responsible for all of the activities to supervise, direct, manage and control the contracting activities of a business organization with which they are connected with and the responsibility to supervise, direct and manage and control construction.

12. Triad, Inc. specializes in commercial and residential roofing, having opened its first office in Missouri in 2011. The self-proclaimed "Midwest leader" in roofing, it currently has offices in Missouri, Kansas, Nebraska and Colorado. Triad, Inc. would on occasion also perform roofing work in other parts of the country if there was a significant sized project involving roofing work on a commercial property.

13. In early 2019, Mr. Lawson learned that the Orange Blossom Mall in Ft. Pierce, Florida was looking to replace its roof and was considering bids submitted to perform the work. This was a significant piece of work requiring the replacement of approximately 350,000 square feet of roofing.

14. Mr. Lawson, who grew up on Kansas City, Missouri, had a friend who worked for Triad, Inc., and Mr. Lawson knew that Triad, Inc. had undertaken large commercial roofing jobs outside of the Midwest. As a result, Mr. Lawson inquired as to whether Triad, Inc. might be interested in acting as a subcontractor of Lawson Premier in connection with a bid that could be submitted for the Orange Blossom Mall roofing work.

15. While the work for Orange Blossom Mall never came to fruition, soon thereafter, areas of St. Lucie, Indian River and Brevard Counties experienced one of the worst hailstorm events in history. This storm event gave rise to the need to an immediate need to repair or replace a substantial number of roofs on both commercial and residential properties in the tri-county area.

16. The amount of potential work in this area of South Florida resulted in a series of conversations in the late Spring 2019 and early Summer 2019 between Mr. Lawson and Kerry Copenhaver ("Mr. Copenhaver"), the owner of Triad, Inc. and Drew Carrington ("Mr. Carrington"), one of the head salesmen with Triad, Inc., regarding a joint venture. During the conversations, it was agreed that it would be in the parties' best interest to enter into a joint venture to take advantage of business opportunities in South Florida.

17. The joint venture was particularly attractive (and potentially lucrative) to Triad, Inc. as the harsh winters in the Midwestern United States means that Triad, Inc. is unable to do roofing work in that area of the country between November and March. With a gateway to work in Florida

through Mr. Lawson and Lawson Premier, Triad, Inc. could shift some of its Midwest workers to South Florida in the winter to continue to perform roofing work that they would not otherwise be able to normally do.

18. Under the terms of their joint venture, the parties agreed that Mr. Lawson and Lawson Premier would transfer the roofing contractor license (Florida License #CCC1331304) to Triad, Inc.  A primary reason for this was that it had been historically difficult for out of state companies, especially those with no or little Florida roofing experience, to get a Florida roofing contractor license.  Such difficulty is because Florida has traditionally had unique and stringent roofing standards due to potential for hurricanes to strike the state.

19. It was further agreed that Lawson Premier's roofing business would be re-branded as Triad Commercial, Inc. and that the rebranded company would continue to operate out of Lawson Premier's office location in St. Lucie County.  Mr. Lawson would be sent to Missouri for a week to learn the "ins and outs" of Triad, Inc. and how it conducted its business operations.  The service which Mr. Lawson used to generate leads for roofing work for Lawson Premier would be changed that it would now generate roofing leads for Triad Commercial, Inc.

20. Eventually, it was agreed, that the Florida joint venture would open on November 1, 2019 and would grow in terms of salespersons soliciting roofing work and crews of roofing workers supplied by Triad, Inc., which after a short period of time of transition overseen by Mr. Carrington and Mr. Lawson, would eventually be solely managed by Mr. Lawson.

21. In short, out of the success built up in South Florida by Mr. Lawson and Lawson Premier there would now be Triad Commercial, Inc., a larger company managed by Mr. Lawson,

still using his roofing license, business location and lead generator, while providing Triad, Inc. a gateway to the year-round Florida roofing market.

22. The parties then proceeded to implement their planned joint venture. Mr. Lawson spent several thousand dollars of his own money (and significant time and effort) to have the State of Florida transfer the roofing contractor license (Florida License #CCC1331304) to Triad Commercial, Inc., thus removing qualified agent status for Lawson Premier.

23. Mr. Lawson went to Kansas City in August 2019 for a week of instruction at Triad, Inc.'s offices. This was necessary as Mr. Lawson would be managing Triad, Inc.'s trained work crews in Florida. At that time Mr. Lawson was told that if he wasn't earning at least $250,000.00 a year from the start of the joint venture, he "was not doing his job." The lead generator stopped providing roofing work leads to Lawson Premier and started to send the leads to Triad, Inc. As a result, no new roofing work was being contracted for by Lawson Premier.

24. In addition, because Mr. Lawson and Lawson Premier were putting all their efforts in a roofing joint venture and would be doing solely roofing work beginning November 1, 2019, they stopped selling new construction and remodeling work, effectively shutting down that lucrative source of work and income.

25. During September and October 2019, Mr. Lawson proceeded to complete the roofing work that had been previously contracted for Lawson Premier to undertake for customers. Towards the end of September 2019, however, Mr. Lawson began to notice that email communication and telephonic communication sent to Mr. Copenhaver and Mr. Carrington, as well as others at Triad, Inc., were being responded untimely and/or more sporadically. This was

disconcerting to Mr. Lawson as cooperation was needed to meet the agreed November 1, 2019 beginning of the joint venture's business operations.

26. By early October 2019, Triad, Inc., without explanation, began "ghosting" Mr. Lawson. Mr. Lawson's phone calls to Triad, Inc., Mr. Copenhaver and Triad, Inc. employees were not being answered. His emails to Triad, Inc., Mr. Copenhaver and Triad, Inc. employees were not being responded to, as was also the case with text messages sent by Mr. Lawson.

27. The joint venture did not go forward on November 1, 2019 as the parties had agreed. Since early October 2019 there has no communication of any means between Mr. Lawson, Lawson Premier and Triad, Inc., as Triad, Inc., to this day, inexplicably and without explanation, has not responded to emails, calls or text from Mr. Lawson.

28. Meanwhile, Lawson Premier has been unable to perform any roofing work in South Florida. Despite numerous demands to Triad, Inc. for the return of and/or transfer of roofing contractor license (Florida License #CCC1331304) back to Mr. Lawson, Triad, Inc. has refused to do so. Further, because Mr. Lawson and Lawson Premier stopped selling new construction and remodeling work in anticipation of the November 1, 2019 start of the roofing joint venture, they were left without that source of income for a substantial period of time.

29. Because Mr. Lawson has been precluded from "doing his job" by Triad, Inc.'s breach of the joint venture agreement and refusal to perform, he has not been "earning at least $250,000 a year."

30. All conditions precedent to this action have occurred, or have been performed, waived and/or excused.

## COUNT I – BREACH OF THE JOINT VENTURE AGREEMENT

31. Mr. Lawson and Lawson Premier reallege and reincorporate Paragraphs 1 through 30 above as though fully stated herein.

32. This is an action against Triad, Inc. for breach of the joint venture agreement.

33. On or about late Spring 2019 or Early Summer 2019, Plaintiffs and Defendant entered into a joint venture agreement whereby a new Florida entity, Triad Commercial, Inc., would be formed from the assets of Plaintiffs and Defendant to create a large roof repairing concern in South Florida.

34. The parties agreed that Mr. Lawson and Lawson Premier would transfer the roofing contractor license (Florida License #CCC1331304) to Triad, Inc.  It was further agreed that Lawson Premier's roofing business would be re-branded as Triad Commercial, Inc. and that the rebranded company would continue to operate out of Lawson Premier's office location in St. Lucie County.  The service which Mr. Lawson used to generate leads for roofing work for Lawson Premier would be changed that it would now generate roofing leads for Triad Commercial, Inc.  The Florida joint venture would open on November 1, 2019 and would grow in terms of salespersons soliciting roofing work and crews of roofing workers, which after a short period of time of transition overseen with Mr. Carrington, would be solely managed by Mr. Lawson.

35. Mr. Lawson and Lawson Premier undertook their obligations called for by the parties' joint venture agreement, transferring roofing contractor license (Florida License #CCC1331304), as well as send roofing work leads to Triad Commercial, Inc., and Mr. Lawson spending a week in Missouri at Triad, Inc.'s offices.

36. Triad, Inc. breached the joint venture agreement and its obligations and duties called for under it, by "ghosting" Mr. Lawson and refusing to perform as required.

37. Mr. Lawson and Lawson Premier have been damaged as a result of Triad, Inc.'s unjustified breach of the joint venture agreement.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for damages, interest and costs, requiring Triad, Inc. to take all actions necessary to return the roofing license to Plaintiff, along with all such other relief which is just and necessary.

## COUNT II – CONVERSION

38. Mr. Lawson and Lawson Premier reallege and reincorporate Paragraphs 1 through 30 above as though fully stated herein.

39. This is an action against Triad, Inc. for conversion.

40. In furtherance of their joint venture agreement, Mr. Lawson spent several thousand dollars of his own money (and significant time and effort) to have the State of Florida transfer the roofing contractor license (Florida License #CCC1331304) to Triad Commercial, Inc., thus removing qualified agent status for Lawson Premier.

41. After transfer of the roofing contractor license, Triad, Inc. refused to go forward with the joint venture agreement. Despite requests that Triad, Inc. return the roofing contractor license to Mr. Lawson, thereby permitting Lawson Premier to again perform roof repairs, it has refused to do so.

42. Triad, Inc. has taken possession of the roofing contractor license for itself, exercising wrongful dominion or control over the license to the detriment of the rights of Mr. Lawson and Lawson Premier as to the license.

43. Triad, Inc.'s actions are inconsistent with the rights of Mr. Lawson and Lawson Premier and has deprived Mr. Lawson and Lawson Premier of their entitled rights of ownership.

44. Mr. Lawson and Lawson Premier have demanded that Triad, Inc. return the license to Mr. Lawson and Lawson Premier and Triad, Inc. has refused to do so.

45. Triad, Inc.'s actions were intentional and were made with reckless indifference to the rights of Mr. Lawson and Lawson Premier, such that an award of punitive damages is warranted.

46. Mr. Lawson and Lawson Premier have been damaged by Triad, Inc.'s actions in the form of actual damages equal to the time, efforts and amounts of money paid to transfer the license, as well as the time, efforts and amounts of money to have it re-transferred back, in addition to the loss of business suffered by Mr. Lawson and Lawson Premier by their inability to performing roofing work, lack of income and resources occasion by the joint venture not going forward, in amounts to be proven at trial.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for damages, interest and costs, requiring Triad, Inc. to undertake all actions necessary to return the roofing license to Plaintiffs, along with all such other relief which is just and necessary.

## COUNT III – UNJUST ENRICHMENT

47. Mr. Lawson and Lawson Premier reallege and reincorporate Paragraphs 1 through 30 above as though fully stated herein.

48. This is an action against Triad, Inc. for unjust enrichment.

49. Plaintiffs conferred benefits on Triad, Inc. by transferring roofing contractor license (Florida License #CCC1331304) to Triad Commercial, Inc., thereby removing qualified agent status for Lawson Premier, as well as transferring roofing work leads to Defendant.

50. Triad, Inc. has appreciated the benefits conferred by Plaintiffs and have accepted and retained those benefits under the circumstances described herein that make it inequitable for Defendants to do so without paying for the value of those benefits.

51. Plaintiffs have no legal remedy.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for damages, interest and costs, requiring Triad, Inc. to undertake all actions necessary return the roofing license to Plaintiffs, along with all such other relief which is just and necessary.

## COUNT IV – FRAUD IN THE INDUCEMENT

52. Mr. Lawson and Lawson Premier reallege and reincorporate Paragraphs 1 through 30 above as though fully stated herein.

53. This is an action against Triad, Inc. for fraud in the inducement.

54. On or about late Spring 2019 or early Summer 2019, Mr. Lawson and Mr. Copenhaver had a series of conversations regarding entering into a joint venture regarding combining their efforts and assets with regard to roofing work in Florida. Among other things, it was agreed to by the parties was that Plaintiffs would transfer their roofing contractor license and roofing work leads, as well as use existing Lawson Premier facilities that would be rebranded, beefed up with additional workers.

55. All the while Triad, Inc. knew that it would not go forward and open the joint venture on November 1, 2019. Triad, Inc.'s intent in doing so was to induce Mr. Lawson and

Lawson Premier to transfer roofing contractor license (Florida License #CCC1331304) to Triad Commercial, Inc., and direct Florida roofing leads Triad, Inc., as well as remove Plaintiffs from the ability to perform roofing work in South Florida.

56. Mr. Lawson and Lawson Premier reasonably and justifiably relied upon Triad, Inc. and Mr. Copenhaver's representations as to the joint venture agreement and transfer its assets to Triad, Inc. True to the intent of Triad, Inc. and Mr. Copenhaver's intentions, Triad, Inc. did not proceed with the opening of the joint venture on November 1, 2019 and continues, to this day, to hold on and possess roofing contractor license (Florida License #CCC1331304).

57. Triad, Inc.'s actions were intentional and were made with reckless indifference to the rights of Mr. Lawson and Lawson Premier, such that an award of punitive damages is warranted.

58. Mr. Lawson and Lawson Premier have been damaged by Triad, Inc.'s actions in the form of actual damages equal to the time, efforts and amounts of money paid to transfer the license, as well as the time, efforts and amounts of money to have it re-transferred back, in addition to the loss of business suffered by Mr. Lawson and Lawson Premier by their inability to performing roofing work and lack of income and resources occasioned by the joint venture not going forward, in amounts to be proven at trial.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for damages, interest and costs, requiring Triad, Inc. to undertake all actions necessary return the roofing license to Plaintiffs, along with all such other relief which is just and necessary.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury as to all such issues triable.

**Dated this 11th day of September 2020.**

                                             Respectfully submitted,
                                             **ROY & ASSOCIATES, P.A.**

                               By: _____/s/: Dave K. Roy, Esq._____
                               **DAVE K. ROY, ESQ. (FBN 92551)**
                               1665 Palm Beach Lakes Blvd., Suite 101
                               West Palm Beach, FL 33401
                               Telephone:   (561) 729-0095
                               Facsimile:    (267) 222-6953
                               E-Service:    info@daveroylaw.com